IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GERALD M. VILLANUEVA, | ) | CIV. NO. 06-00148 SOM-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER OF DISMISSAL |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER OF DISMISSAL**

On March 14, 2006, *pro se* plaintiff Gerald Villanueva filed the present action and an *in forma pauperis* application.  The Complaint failed to set forth "a short plain statement of the claim" showing that Villanueva was entitled to relief.  Because the Complaint was confusing and unsupported by any factual or legal theory, the court dismissed it with leave to amend and denied the *in forma pauperis* application.

On March 23, 2006, Villanueva filed an Amended Complaint. Apparently, Villanueva seeks the court's assistance in renouncing his United States citizenship.  Villanueva asserts his citizenship in the Territory of Hawaii, by virtue of his birth in Hawaii prior to statehood in 1959, and seeks to renounce his citizenship in "US Inc."  (Amd. Compl. at 3.)  Villanueva says, "I did not volunteer to be a federal company or a citizen of 'US Inc.' for this reason alone I am terminating my citizenship of the United States[.]" (*Id.*)

Dockets.Justia.com

Villanueva has made similar claims in at least three prior actions in this court.[1] *See Villanueva v. Lingle*, Civ. No. 05-00756 HG; *Villanueva v. Hawaii*, Civ. No. 05-00461 JMS; *Villanueva v. Hawaii*, Civ. No. 05-00721 HG. Villanueva believes that, by virtue of his citizenship in the Territory of Hawaii, the State of Hawaii has no jurisdiction over him, to either prosecute or incarcerate him.[2] *See generally, id.* Villanueva's three prior actions were dismissed with prejudice for failure to state a claim. The court now dismisses Villanueva's Amended Complaint and action as legally frivolous and for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2) & 1915A(b).

## DISCUSSION

Federal courts must screen all cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is

---

[1] The court also received identical complaints from three other inmates. *See Silia v. Hawaii*, Civ. No. 05-00753; *Shaw v. Hawaii*, Civ. No. 05-00754; *Duh v. Hawaii*, Civ. No. 05-00757.

[2] In his original Complaint, Villanueva cited 28 U.S.C. §§ 1251 and 1605, in an apparent attempt to remove any state actions against him (i.e., his state criminal case) to the federal court, and to prevent the State of Hawaii from claiming sovereign immunity from any suit by him. (*See* Orig. Compl. 2.)

immune from such relief." 28 U.S.C. § 1915A(b). The court must dismiss such a complaint or claim notwithstanding any fee that may have been paid. 28 U.S.C. § 1915(e)(2).

The court must construe *pro se* pleadings liberally and afford the *pro se* litigant the benefit of any doubt. *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001). "'[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 558 (9th Cir. 1995) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "Unless it is absolutely clear that no amendment can cure the defect . . . , a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d. 1122, 1126 (9th Cir. 2000) (en banc).

Villanueva cites to the Immigration and Nationality Act, 8 U.S.C. § 1481, but does not specify under which section he is attempting to renounce his citizenship. It is clear from the Amended Complaint that Villanueva is a United States citizen by birth. He does not say that he has since become a citizen of, served in the armed forces of, or performed duties or offices of the government of a foreign country with the intent of

3

relinquishing his citizenship, thus voluntarily renouncing his citizenship. *See* 8 U.S.C. § 1481(a)(1)-(4). Nor does he claim that he formally renounced his citizenship before a diplomatic officer in a foreign country, or that he committed an act of treason against the United States. *See* 8 U.S.C. §§ 1481(a)(5), (7). Villanueva is apparently attempting to renounce his citizenship under 8 U.S.C. § 1481(a)(6), which states that a citizen may renounce his citizenship by

> making in the United States a formal written renunciation of nationality in such form as may be prescribed by, and before such officer as may be designated by, the Attorney General, **whenever the United States shall be in a state of war** and the Attorney General shall approve such renunciation as not contrary to the interests of national defense[.]

*Id.* (emphasis added). Congress, however, has not officially declared war, and § 1481(a)(6) is presently inoperative. *See United States Citizenship and Naturalization Handbook,* § 15:13. RENUNCIATION INSIDE U.S. At present, the Attorney General has not prescribed procedures for such renunciations. *Id.; see also Koos v. Holm*, 204 F. Supp. 2d 1099, 1107 (W.D. Tenn. 2002).

Moreover, even if Villanueva were currently located outside the United States and could avail himself of the remaining provisions of the Act to renounce his United States citizenship, he would be required to execute an oath of renunciation of nationality, as provided for in § 349(a)(6) of the Immigration

4

and Nationality Act, 8 U.S.C. § 1481, to the United States
Secretary of State for approval or disapproval.[3]  If approved, a
Certificate of Loss of Nationality would issue to him, as
prescribed in § 358 of the Immigration and Nationality Act, 8
U.S.C. § 1501.  "Approval by the Secretary of State of a
certificate under this section shall constitute a final
administrative determination of loss of United States nationality
under this chapter subject to such procedures for administrative
appeal as the Secretary may prescribe by regulation, and also
shall constitute a denial of a right or privilege of United
States nationality for purposes of section 1503 of this title."
*Id.*  The approval, or disapproval, of the issuance of
certification is committed by statute to the discretion of the
Secretary of State and is not within this court's jurisdiction.
*See Murphy v. FDI,* 61 F.3d 34, 40-41 (D.C. Cir. 1995).

There is no present case or controversy presented by
Villanueva's Amended Complaint.  It is not within this court's
jurisdiction to issue a declaratory judgment that he has
renounced his United States citizenship.  Villanueva must follow
the procedures set forth by the Immigration and Nationality Act.
As such, Villanueva's Amended Complaint and action is legally

---

[3] This is not to say that Villanueva, a state prisoner, has
a right to travel to another country so that he may there
renounce his citizenship pursuant to the statute.  *See Koos*, 204
F. Supp. 2d at 1107 (citations ommitted).

5

frivolous and fails to state a claim upon which relief may be granted.  Amendment would be futile.  The Amended Complaint and action are DISMISSED with prejudice as frivolous and for failure to state a claim.  Villanueva is informed that this dismissal shall count as a third "strike" pursuant to 28 U.S.C. § 1915(g). The Clerk shall enter judgment and terminate the action.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 4, 2006.



Susan Oki Mollway
United States District Judge

*Villanueva v. United States*, Civ. No. 06-00148 SOM-KSC; <u>ORDER OF DISMISSAL</u>;dmp/Screening Orders 06/Villanueva 06-148 (dsm 3d strike)